## UNITED STATES COURT OF INTERNATIONAL TRADE
Before The Honorable Gary S. Katzmann , Judge

| | |
|---|---|
| Asociación de Exportadores e Industriales de Aceitunas de Mesa;<br>Agro Sevilla Aceitunas S. Coop, And.;<br>Ángel Camacho Alimentación, S.L.; and<br>Alimentary Group DCoop. S. Coop. And.<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br>       Defendant.<br><br>Musco Family Olive Company<br><br>       Defendant-Intervenor. | **Court No.  21-00338** |

## UNOPPOSED MOTION TO STAY PROCEEDINGS

Pursuant to Rules 1 and 7 of the United States Court of International Trade, Plaintiffs Asociación de Exportadores e Industriales de Aceitunas de Mesa, Agro Sevilla Aceitunas S. Coop, And., Ángel Camacho Alimentación, S.L., Alimentary Group DCoop. S. Coop. And. (collectively "Plaintiffs") respectfully move this Court for an order staying further proceedings in this action pending a final and conclusive disposition of all proceedings, including any and all appeals and appeal periods, in the following action before the Court of International Trade: *Asociación de Exportadores e Industriales de Aceitunas de Mesa et al v. United States*, Court of Int'l Trade Ct. No. 18-cv-00195.  Plaintiffs' counsel has conferred with counsel for Defendant and Defendant-Intervenor regarding this motion.  Counsel for Defendant indicated that it does

not oppose this motion. Similarly, counsel for Defendant-Intervenor also does not oppose this motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A decision as to "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (internal citations omitted). In determining whether to stay a case pending the outcome of another, the Court should weigh competing interests and maintain a balance between the interests of the plaintiff, the defendant, non-parties or the public, and the Court itself. *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1346 (Ct. Int'l Trade 2003). A stay in this case pending the final disposition of Court. No. 18-00195 would conserve the resources of the parties and the Court and promote judicial economy.

Staying this case would resolve or substantially narrow the issues before the Court in this case. Court. No. 18-00195 involves substantially similar, if not identical, factual and legal issues as in this case. This is because Court. No. 18-00195 challenges the U.S. Department of Commerce's ("Commerce's") affirmative final subsidy determination in the original investigation of *Ripe Olives from Spain* while the present action addresses Commerce's final results in the first administrative review of the countervailing duty ("CVD") order on *Ripe Olives from Spain* that shares many of the same record facts relevant to Court. No. 18-00195. In fact, in remand proceedings in Court. No. 18-00195 Commerce reopened the record of the original investigation and placed evidence on that record taken from submissions made in the first administrative review now being appealed. Such evidence is linked to legal claims still at issue

in Court. No. 18-00195 that are the same as the claims raised in the present action. Specifically, in Court. No. 18-00195 the Court is still reviewing: (i) whether Commerce's interpretation and application of Section 771B of the Tariff Act of 1930 was lawful with respect to the attribution of grower subsidies to processors of the subject merchandise; and (ii) whether Commerce's interpretation and application of Section 771(5A)(D)(i) of the Tariff Act of 1930 was lawful in relation to BPS and Greening support payments. Importantly, the Court has twice remanded these issues back to Commerce in Court. No. 18-00195 in reaction to Commerce's interpretation of law and fact -- interpretations that also underpin Commerce's findings in the final results of the first administrative review that is the subject of this action. *See Commerce's Issues and Decision Memorandum for the Final Results of the Countervailing Duty Administrative Review of Ripe Olives from Spain; 2017-2018* dated June 25, 2021, at Comment 1 ("Whether Commerce Properly Interpreted and Applied the Standard Established by Section 771B(1) of the Act for Determining "Substantially Dependent" Demand") and Comment 2 ("Whether the EU CAP Pillar I – BPS is De Jure Specific") against Slip Op. 21-76 pages 16-20 ("Commerce's interpretation of Section 1677-2's 'substantially dependent' requirement is not in accordance with law") and pages 10-15 ("Commerce's interpretation of Section 1677(5A)'s de jure specificity inquiry is unreasonable and is not in accordance with law").

      The interests of the Court and judicial efficiency weigh in favor of a stay since the outcome in Court. No. 18-00195 may determine whether the instant action is even necessary. Indeed, a final resolution in Court. No. 18-00195 could lead to revocation of the CVD order, rendering this action moot, or at least substantially focus the pertinent factual and legal issues. To this end, Defendant's interests will not be negatively affected by a stay given that Plaintiffs continue to be subject to the current CVD cash deposit rate of 7.01 percent for Agro Sevilla, 5.23

for Camacho and 22.36 percent for DCoop. while this action is pending.  Simply stated, because the factual and legal issues in this case are substantially the same as those in Court. No. 18-00195, Plaintiffs submit that letting the judicial process play out in Court. No. 18-00195 rather than litigating the same issues here protects the parties' legal interests, while also conserving their resources and the resources of the Court.  Accordingly, a stay is warranted in these circumstances.

For these reasons, Plaintiffs requests that the Court stay further proceedings in this action pending a final and conclusive disposition of all proceedings, including any and all appeals and appeal periods, in *Asociación de Exportadores e Industriales de Aceitunas de Mesa et al v. United States*, Court of Int'l Trade Ct. No. 18-cv-00195.

Respectfully submitted,

/s/ Matthew P. McCullough

Matthew P. McCullough
Daniel L. Porter
James Durling
James Beaty
Ana M. Amador Gil

Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Tel. (202) 452-7373

*Counsel to Plaintiffs Asociación de Exportadores e Industriales de Aceitunas de Mesa, Agro Sevilla Aceitunas S. Coop. And., Ángel Camacho Alimentación, S.L., and Alimentary Group DCoop. S. Coop. And.*

Dated: 08/20/2021